# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
# CLARKSBURG

**DELANO GASKINS**,

    Petitioner,

v.

**UNITED STATES OF AMERICA**,

    Respondent.

Civil No.: 1:16-CV-98
Criminal No.: 1:11-CR-85
(JUDGE KEELEY)

## REPORT AND RECOMMENDATION

### I. INTRODUCTION

On May 23, 2016, Delano Gaskins ("Petitioner"), proceeding *pro se*, filed a Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody. (Civil Action No. 1:16-CV-98, ECF No. 1; Criminal Action No. 1:11-CR-85, ECF No. 30).[1] On May 23, 2016, the Court issued a Notice of Deficient Pleading to Petitioner to comply with the Local Rules. ECF No. 32. On June 9, 2016, the Petitioner completed the court approved form for filing a Motion under 28 U.S.C. § 2255. ECF No. 35. On June 21, 2016, the Court appointed a Federal Public Defender to Petitioner. ECF No. 36. On June 22, 2016, Petitioner, through his counsel, moved this Court to vacate his sentence pursuant to 28 U.S.C. § 2255. ECF No. 38. The undersigned now issues this Report and Recommendation on the Petitioner's motion without requiring the Government to respond and without holding an evidentiary

---

[1] From this point forward, all ECF Numbers refer to Petitioner's Criminal Action, 1:11-CR-85.

hearing. For the reasons stated below, the undersigned recommends that the District Judge deny and dismiss the Petitioner's motion.

## II. FACTS

On November 21, 2011, Petitioner signed a plea agreement by which he plead guilty to one count of distribution of a quantity of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C). Plea Agreement, ECF No. 20 at 1. Additionally, Petitioner waived his right to appeal and to collaterally attack his sentence. Specifically, Petitioner's plea agreement contained the following language regarding waiver:

> Mr. Gaskins is aware that Title 18, United States Code, Section 3742 affords a defendant the right to appeal the sentence imposed. Acknowledging all this, the defendant knowingly waives the right to appeal any sentence within the maximum provided in the statute of conviction (or the manner in which that sentence was determined) on the grounds set forth in Title 18, United States Code, Section 3742, in exchange for the concessions made by the United States in this plea agreement. The defendant also waives his right to challenge his sentence or the manner in which it was determined in any collateral attack, including but not limited to, a motion brought under Title 28, United States Code, Section 2255. The parties have the right during any appeal to argue in support of the sentence.

Id. at 3-4.

On December 2, 2011, Petitioner entered his plea in open court before the Honorable Irene M. Keeley, United States District Judge. ECF No. 21. A Pre-Sentence Report ("PSR") was prepared on January 13, 2012, which concluded Petitioner was a career offender within meaning of U.S.S.G. § 4B1.1 of the Guidelines as the Petitioner was 18 years or older at the time of the commission of the instant offense, the instant offense was a felony involving a controlled substance, and Petitioner had at least two prior felony convictions of either a crime of violence or a controlled substance offense. ECF No. 33 at 7-8. On June 21, 2012, the Petitioner was sentenced to a term of 151

months imprisonment followed by three years of supervised release. ECF No. 26. The Petitioner did not file an appeal of his conviction or sentence.

In the § 2255 Motion filed by counsel [EFC No. 38], the Petitioner alleges that pursuant to the decision in Johnson v. United States,[2] his career offender status is no longer valid under the residual clause.[3] According to the PSR, the previous felony convictions that qualified Petitioner as a career offender were conspiracy to commit aggravated robbery and delivery of a controlled substance within 1,000 feet of a school. ECF No. 33, 16-17, ¶ ¶ 70-71. The Petitioner alleges that his conviction for conspiracy to commit aggravated robbery in the State of West Virginia is not a crime of violence under the residual clause of U.S.S.G §4B1.2(a)(2) because it is not an enumerated offense. For relief, Petitioner asks that he be re-sentenced without the career offender enhancement. ECF No. 38.

### III. ANALYSIS

In Johnson, the Supreme Court struck the residual clause of the Armed Career Criminal Act ("ACCA") for being unconstitutionally vague in violation of the Due Process Clause of the Fifth Amendment. Johnson v. United States, 135 S.Ct. 2551, 2555-57 (2015). Under 18 U.S.C. § 924(e)(1)(B)(ii), a violent felony was defined as "…burglary, arson, or extortion, involves use of explosives, **or otherwise involves conduct that presents a serious potential risk of physical injury to another…."** 18 U.S.C. § 924(e)(1)(B)(ii)(emphasis added). The closing words of this definition have come to be known as the Act's residual clause. Johnson v. United States, 135 S.Ct. 2551, 2556 (2015). The Supreme Court held that the residual clause both denies fair notice to

---

[2] Johnson v. United States, 135 S.Ct. 2551 (2015).
[3] The undersigned notes that Petitioner's *pro se* motion also relied on Johnson.

3

defendants and invites arbitrary enforcement by judges, and increasing a defendant's sentence under the clause denies due process of law. Johnson v. United States, 135 S.Ct. 2551, 2557 (2015). Accordingly, the ACCA's residual clause fixed – in an impermissibly vague way – a higher range of sentences for career offenders. Beckles v. United States, 137 S. Ct. 886, 888 (2017).

Since Johnson was decided, many prisoners who were given enhanced sentences under § 4B1.1 of the United States Sentencing Guidelines ("USSG") as career offenders have challenged their sentences by arguing that the residual clause of the career enhancement § 4B1.2(a)(2) is unconstitutionally vague. The residual clause of USSG § 4B1.2(a)(2) is identical to the residual clause in the ACCA that Johnson ruled unconstitutional.

Petitioner was sentenced as a career offender under U.S.S.G. § 4B1.1. At the time of his sentencing, the provision read:

> A defendant is a career offender if (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense.

U.S.S.G. § 4B1.1. In turn, this provision relied on §4B1.2 for definitions of key terms. The following definition for "crime of violence" was provided:

> (a) The term "crime of violence" means any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that –
>
> (1) has an element the use, attempted use, or threatened use of physical force against the person of another, or
>
> (2) is burglary of a dwelling, arson, or extortion, involves use of explosives, **or otherwise involves conduct that presents a serious potential risk of physical injury to another.**

U.S.S.G. § 4B1.2 (emphasis added).

However, on March 6, 2017, the Supreme Court held the residual clause in § 4B1.2(a)(2) defining "crime of violence" was "not subject to vagueness challenges under the Due Process Clause of the Fifth Amendment because the advisory Guidelines do not fix the permissible range of sentences. They merely guide the exercise of a court's discretion in choosing an appropriate sentence within the statutory range." Beckles v. United States, 137 S. Ct. 886, 888 (2017). Petitioner's two prior convictions which resulted in his career offender status were felony convictions for delivery of a controlled substance within 1,000 feet of a school and conspiracy to commit aggravated robbery. ECF No. 33. Admittedly, Petitioner's conviction for the latter offense is not an enumerated crime, but instead falls within the residual clause. However, Petitioner's argument that Johnson renders his sentence void lacks merit in light of the Supreme Court ruling in Beckles that the residual clause in the Sentencing Guidelines "are not amendable to a vagueness challenge." Id. at 889.

## IV.   RECOMMENDATION

For the foregoing reasons, the undersigned recommends that Petitioner's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody [Civil Action No. 1:16-CV-98, ECF Nos. 1 & 6; Criminal Action No. 1:11-CR-85, ECF Nos. 30 & 38] be **DENIED** and **DISMISSED** as a career offender who was properly sentenced under the residual clause of U.S.S.G. § 4B1.2(a)(2).

Within **fourteen (14) days** after being served with a copy of this report and recommendation, any party may file with the Clerk of Court written objections identifying

those portions of the recommendation to which objections are made and the basis for such objections.  A copy of any objections shall also be submitted to the Honorable IRENE M. KEELEY, United States District Judge.  Failure to timely file objections to this recommendation will result in waiver of the right to appeal from a judgment of this Court based upon such recommendation.  28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Court directs the Clerk of the Court to provide a copy of this Report and Recommendation to all counsel of record as provided in the Administrative Procedures for Electronic Case Filing in the United States District Court for the Northern District of West Virginia.

DATED: May 16, 2017

_____
ROBERT W. TRUMBLE
UNITED STATES MAGISTRATE JUDGE